```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         PARKERSBURG
```

**LLOYD DALE BUCKHANNON,**

      **Petitioner,**

v.                                  Case No. 6:09-cv-01203

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On November 4, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 2). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On November 18, 2009, the undersigned ordered Respondent to file a response to Petitioner's section 2254 petition by January 8, 2010 (# 8).  On January 7, 2010, Respondent filed an Answer (# 9), a Motion to Dismiss Petition as Untimely Filed, with accompanying exhibits (# 10), and a Memorandum of Law in support thereof (# 11). Respondent's motion asserts that Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1).

On January 13, 2010, the undersigned entered an Order setting deadlines for a response and reply to the Motion to Dismiss. (# 12).

On February 5, 2010, Petitioner filed a Response to Respondent's Motion to Dismiss (# 13) and a Memorandum in support thereof (# 14). Respondent did not file a reply. The matter is now ripe for determination.

## **PROCEDURAL HISTORY**

On May 24, 2001, Petitioner was indicted by a Wood County Grand Jury on four counts of Sexual Abuse in the First Degree (Counts One, Three, Five, and Seven), five counts of Sexual Abuse by a Custodian (Counts Two, Four, Six, Eight, and Ten), and one count of First Degree Sexual Assault (Count Nine) (Case No. 01-F-59-R). (# 10, Ex. 1). On August 30, 2001, Petitioner was convicted, following a jury trial, of Counts One, Two, and Five through Ten. Counts Three and Four were dismissed on a motion by the State of West Virginia prior to the jury's deliberations. (Id., Ex. 2). On October 10, 2001, Petitioner pled guilty to a Recidivist Information. (Id., Ex. 3).

By Order entered December 10, 2001, Petitioner was sentenced to a combination of consecutive and concurrent sentences of one (1) to five (5) years in the penitentiary on Counts One, Five, and Seven; ten (10) to twenty (20) years on Counts Two, Six, Eight, and Ten; fifteen (15) to thirty-five (35) years on Count Nine; and life

in prison on the Recidivist conviction, for a total sentence of fifty (50) years to life in prison.  (Id., Ex. 4).

Petitioner, by counsel, filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV") on April 18, 2002.  (State v. Buckhannon, No. 020837).  The Petition for Appeal was refused on June 13, 2002.  (Id., Ex. 5).  Petitioner did not file a Petition for a Writ of Certiorari in the Supreme Court.  Thus, his judgment became final on or about September 11, 2002, when the 90-day period for filing a Petition for a Writ of Certiorari expired.

Petitioner took no further action concerning his state court criminal convictions and sentences until he filed the instant section 2254 petition on November 4, 2009.  (# 2).

## ANALYSIS

### A.   Respondent's Motion to Dismiss Petition as Untimely.

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

>    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Respondent has filed a Motion to Dismiss Petitioner's section 2254 petition as being time-barred under the provisions above (# 10).  Petitioner's conviction became final on or about September 11, 2002, when the time for filing a petition for a writ of certiorari expired.  See Harris v. Hutchinson, 209 F.3d 325, 325 (4th Cir. 2000)(the time period for seeking direct review of a state court conviction concludes when either the period for filing a petition for a writ of certiorari in the Supreme Court expires, or when such writ is denied by the Supreme Court).  Thus, under section 2244(d)(1)(A), Petitioner had until September 11, 2003, to file a section 2254 petition, unless Petitioner had properly filed an application for state post-conviction or other collateral

review, which would toll the statute during the pendency of those proceedings.  28 U.S.C. § 2244(d)(2).

Petitioner filed no collateral proceedings in the state courts, and no event occurred that would toll the limitation period.  Thus, as noted by Respondent in his Motion to Dismiss, the statute of limitations ran uninterrupted and expired one year later on September 11, 2003.  Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition, which was filed on November 4, 2009, more than six years after the limitation period expired, is time-barred.

> **B. Petitioner's argument concerning the constitutionality of the AEDPA statute of limitations provision.**

In his Memorandum in Support of his Response to Respondent's Motion to Dismiss (# 14), Petitioner asserts that the AEDPA statute of limitations is constitutionally infirm.  Specifically, Petitioner asserts that the AEDPA violates the Ex Post Facto and Bill of Attainder clauses of the United States Constitution.  He also appears to assert a violation of the Suspension Clause, which states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended . . . ."  U.S. Const., Article 1, § 9.  Specifically, Petitioner states:

> Petitioner avers the A.E.D.P.A., since its enactment and codification, is unconstitutional or unconstitutionally applied to his case because the "<u>ACT</u>," as applied, is in violation and direct disparagement of other provisions of the United States Constitution, namely the constitutional right to make and present Federal Habeas Corpus as an inherent right of the United States citizen.

5

> Specifically, the A.E.D.P.A,, by its application to the instant case, does not permit "any review" by the United States Federal Courts of Petitioner's claims of false, illegal or erroneous conviction and imprisonment because of the State's refusal to recognize federal law mandates and constitutional commands.

(# 14 at 3). Petitioner contends that the AEDPA time limitation puts him in a position of having no court to review and rule on the merits of his alleged constitutional errors, except the "court of inception," which he claims, "permits the State Trial Court to make 'unfettered and unchallengeable rulings' in a State criminal conviction and sentence, as here, without anyone overseeing the 'fox who is guarding the henhouse.'" (Id. at 3-4).

Petitioner further contends that this "set of circumstances" creates an unlawful "bill of attainder." (Id. at 4). Petitioner further contends that the AEDPA violates the Ex Post Facto Clause of the United States Constitution. (Id. at 4-5, 8-9). Petitioner further states:

> This Court must remember, (1) This Petitioner was vested at birth, as a citizen of the United States with the right to Habeas Corpus; (2) that he was born in Wood County, West Virginia; (3) This means the enactment of the A.E.D.P.A. in the year 1996 is an Ex Post Facto application of law that disparages and annihilates his criminal constitutional right to federal Habeas Corpus review, whether collateral or direct remedy. The absence of review by the federal courts acts as an impermissible "Bill of Attainder." The constitutional right to Habeas Corpus is not invoked by the commission of a crime, but moreover, exists simply because of Petitioner's birthrights. All of Petitioner's constitutional rights are his from birth.
>
> WHEREFORE, the A.E.D.P.A. is and stands in derogation of other provisions of the Constitution's

6

> guarantees and therefore unconstitutional or unconstitutionally applied in the instant case. The remedy the Court fashions in this case is crucial to the State citizens' rights. Be it remembered, in West Virginia, there is no three court system or review, but only discretionary review by one court, which seldom reviews any criminal convictions on merits. It is time to right a wrong and it is long overdue.

(Id. at 8-9).

A similar ex post facto argument was raised and rejected by the presiding District Judge in Kesterson v. Ballard, 2009 WL 1288865 (S.D. W. Va., May 8, 2009). In Kesterson, Chief Judge Goodwin stated:

> The Ex Post Facto Clause prohibits Congress from enacting "[a] law that impermissibly applies retroactively, . . . in a way that negatively affects a person's rights, as by criminalizing an action that was legal when it was committed." Black's Law Dictionary (8th ed. 2004). The Sixth Circuit considered whether applying AEDPA's one-year statutory limitation to a prisoner who was convicted prior to but who filed a petition for habeas relief after AEDPA's enactment violated the Ex Post Facto Clause. Seymour v. Walker, 224 F.3d 542, 560 (6th Cir. 2000). It held that AEDPA is applicable to all petitioner filed after its enactment. Id. The Court went on to state that because AEDPA "'neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict, its application to [the petitioner] d[id] not violate the Ex Post Facto Clause. Id. (citation omitted); See also Ezell v. Boone, 208 F.3d 225 at *2 (Table) (10th Cir. 2000)("The Ex Post Facto Clause is implicated when a law retroactively alters the definition of a crime or increases the punishment available for that crime . . . . Application of 28 U.S.C. § 2244(d) does neither."). I agree with the Sixth Circuit. Accordingly, I FIND that the prisoner's objection to the Magistrate Judge's finding that AEDPA's one-year limitation does not violate the Ex Post Facto Clause is without merit.

2009 WL 1288865 at *2.

7

Petitioner's offenses and criminal proceedings took place well after the enactment of the AEDPA statute of limitations. Thus, there are no ex post facto implications regarding the application of the statute of limitations to Petitioner's conviction. Furthermore, the constitutionality of the AEDPA statute of limitations has been upheld under the Suspension Clause of the United States Constitution. See, *e.g.*, Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). In Green, the appellant contended that the AEDPA's one-year limitation period unconstitutionally suspends the writ of habeas corpus. The Ninth Circuit found as follows:

> The one-year limitations period violates the Suspension Clause if it renders the remedy of habeas corpus "inadequate or ineffective." Swain v. Pressley, 430 U.S. 372, 381, 97 S. Ct. 1224, 51 L. Ed.2d 411 (1977). We join the other circuits that have considered this issue and hold that AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause.
>
> The one year limitation does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling. See Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2000)(concluding that "because AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits," it does not constitute a per se violation of the Suspension Clause) * * * "The one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, but requires the inmates to diligently pursue claims." Miller [v. Marr], 141 F.3d [976] at 978 [(10th Cir. 1998)]. * * * We therefore hold that the one-year limitation period does not per se render the writ of habeas corpus inadequate or ineffective.

223 F.3d at 1003-1004; see also Fisher v. Lee, 215 F.3d 438, 446

n.1 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Green v. French, 143 F.3d 865, 875-76 (4th Cir. 1998)(abrogated on other grounds by Williams v. Taylor, 529 U.S. 362 (2000)).

The United States Court of Appeals for the Fourth Circuit has held that the limitation period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000). As to when equitable tolling should apply, the Court has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time. Id.

To the extent that Petitioner may be requesting in his Response to Respondent's Motion to Dismiss that the one-year statute of limitation be equitably tolled because Petitioner was not aware of the one-year statute of limitations for filing a federal habeas corpus petition under 28 U.S.C. § 2254, the one-year limitations period under the AEDPA may be equitably tolled only

9

because of wrongful conduct on the part of the respondent or where "extraordinary circumstances beyond [the petitioner's] control made it impossible to file the claims on time." Harris v. Hutchison, 209 F.3d 325, 329-330 (4th Cir. 2000); see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

It is clear that ignorance of the law, or the lack of appointment of counsel are not "extraordinary circumstances" sufficient to equitably toll the statute of limitations. See, *e.g.*, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993)(pro se status, illiteracy, deafness, and lack of legal training are not external factors sufficient to excuse or extend limitations period); Fisher, *supra*, 174 F.3d at 714 ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").

The Supreme Court has made it clear that "the principles of equitable tolling . . . do not extend to . . . garden variety claims of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). In Rouse v. Lee, the Fourth Circuit

recognized that, in general, "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." 339 F.3d 238, 248 (4th Cir. 2003)(citing Harris, *supra*, 209 F.3d at 331). Accordingly, the Fourth Circuit affirmed the district court's denial of equitable tolling of the AEDPA statute of limitations after Rouse's counsel missed the statutory deadline by one day.

In Rouse, the court held that "the actions of Rouse's attorneys are attributable to Rouse and, thus, do not present 'circumstances external to the party's own conduct.'" Id. at 249. The court further stated:

> Former counsel's errors are attributable to Rouse not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency (citations omitted).

Id. The court further based its decision upon the fact that there is no right to counsel in a federal habeas proceeding, and "in the absence of constitutional ineffective assistance of counsel, attorney error is attributable to the petitioner." Id. at 250 (citations omitted).

The application of a one-year statute of limitations for filing a section 2254 habeas corpus petition does not cause citizens to lose their right to federal review, as argued by

11

Petitioner; nor does it restrain the state courts from engaging in habeas corpus review. It merely implements a reasonable time period for filing a federal habeas petition, after the opportunity for state court review. Petitioner's arguments lack merit.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (# 1) is untimely under 28 U.S.C. § 2244(d)(1), and Petitioner has not presented a valid basis for equitable tolling of the statute of limitations.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (# 11) and dismiss this civil action from the docket of the court with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections,

identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

| March 24, 2010 | *Mary E. Stanley* |
|---|---|
| Date | Mary E. Stanley |
| | United States Magistrate Judge |